UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN WALDEN,

Plaintiff,

-against-

CITY OF NEW YORK, SHILPA KALRA, DETECTIVE JAMES MEEHAN, DETECTIVE STEVE STANLEY, MUNICIPALITY OF NEW YORK, DISTRICT ATTORNEY ALVIN BRAGG, and SUPERINTENDENT WALCOTT,

Defendants.

26-CV-6776 (LTS)

ORDER OF DISMISSAL UNDER 28 U.S.C. § 1915(g)

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff John Walden, who currently is incarcerated in Orleans Correctional Facility, brings this action *pro se*. Plaintiff also requests to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). Plaintiff is barred, however, from filing any new action IFP while he is a prisoner. *See Walden v. City of New York and Mun. of New York Cnty*, No. 21-CV-0785 (LTS) (S.D.N.Y. June 28, 2021). That order relied on the "three-strikes" provision of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Although Plaintiff has filed this new action seeking IFP status, his complaint does not show that he is in imminent danger of serious physical injury.[1] Instead, Plaintiff appears to be

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

challenging his August 2015 arrest and subsequent conviction. Because Plaintiff does not allege facts suggesting that he is in imminent danger of serious physical injury, Plaintiff is barred from filing this action IFP.

Further, this is Plaintiff's fifth action challenging the same arrest and conviction. *See Walden*, No. 21-CV-0785; *Walden v. City of New York and Mun. of New York Cnty.*, No. 20-CV-9360 (S.D.N.Y. Dec. 21, 2020); *Walden v. Cuomo*, No. 19-CV-6779 (S.D.N.Y. Sept. 24, 2019); *Walden v. The New York Cnty. Dist. Attys. Office*, No. 17-CV-9370 (S.D.N.Y. Jan. 3, 2018). In Plaintiff's last filed action, he was warned that, in light of his litigation history, the Court found that he was or should have been aware when he filed his case that his claims were duplicative or lacked merit. *See Walden*, No. 21-CV-0785, ECF No. 11 (citing *Sledge v. Kooi*, 564 F.3d 105, 109–10 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements)). Based on this history, Plaintiff is warned that the Court may bar any vexatious litigant (including a nonprisoner) from filing future civil actions in this court (even if the filing fees are paid) without first obtaining leave from the court. *See In re Martin-Trigona*, 9 F.3d 226, 227–30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).

## CONCLUSION

The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[2] Plaintiff

[2] Plaintiff may commence a new action by paying the filing fees. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A. Section 1915A requires the Court to dismiss a civil action, in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

remains barred from filing any future action IFP while he is in custody, unless he is under imminent threat of serious physical injury. *Id.*

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated: October 20, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge